United States District Court
Southern District of Texas, Houston Division
Case No. 4:25CV-03283

**NKOZI KUURIRAYA,**
Plaintiff,

v.

**HOUSTON INDEPENDENT SCHOOL DISTRICT,**
Defendant.

United States Courts
Southern District of Texas
FILED

OCT 02 2025

Nathan Ochsner, Clerk of Court

---

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

### TO THE HONORABLE JUDGE Hanan

COMES NOW Plaintiff Nkozi Kuuriraya, proceeding pro se, and pursuant to Federal Rule of Civil Procedure 56, respectfully moves this Court for summary judgment in his favor against Defendant Houston Independent School District ("HISD"), and in support thereof states as follows:

---

### I. INTRODUCTION

This case arises from HISD's discrimination, retaliation, and refusal to provide a reasonable accommodation. Plaintiff requested to work from home due to a health concern in order to continue performing his teaching duties. HISD denied that request despite maintaining a two-year operational virtual school program capable of supporting such accommodation. Instead, HISD attempted to place Plaintiff in an ADA designation, a measure that reduced Plaintiff's wages and professional standing while benefitting the District.

The material facts are undisputed, and Plaintiff is entitled to judgment as a matter of law.

---

### II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On January 6, 2025, Plaintiff formally requested to work from home due to a health concern to continue performing his teaching duties.

2. Plaintiff was a temporarily assigned teacher whose assignments were fully capable of being performed through virtual instruction without interruption to students or the District.

3. At the time of Plaintiff's request, HISD operated a virtual school program in partnership with Texas Connections Academy, a tuition-free online public school serving grades 3 through 12 (Houston Chronicle, Aug. 15, 2025; Texas Education Agency website).

4. The HISD virtual school had been in place for at least two years during the 2023–2024 and 2024–2025 school years, with a "C" rating of 75 in 2023–2024 and a "D" rating in 2024–2025, as reported by the Texas Education Agency.

5. This program demonstrates that HISD already possessed the infrastructure and staffing system necessary to provide virtual instruction when required.

6. HISD denied Plaintiff's request for virtual work and instead placed Plaintiff in ADA designation.

7. The ADA designation advantaged HISD financially while disadvantaging Plaintiff, reducing wages and diminishing his professional standing.

8. Defendant has not produced evidence justifying its refusal to provide the requested accommodation despite maintaining a program that directly allowed such instruction.

## III. ARGUMENT AND AUTHORITIES

### A. Legal Standard

Summary judgment is appropriate when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a).

### B. HISD's Conduct Violates Title VII

Under 42 U.S.C. § 2000e-2(a), it is unlawful for an employer to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of religion. Title VII requires employers to reasonably accommodate an employee's sincerely held religious beliefs or practices unless doing so would impose an undue hardship on the employer's business. See 42 U.S.C. § 2000e-2(m). The statute broadly defines religion to include all aspects of religious observance and practice.

Plaintiff requested a reasonable accommodation—to work from home—due to a health concern tied to sincerely held religious beliefs, which HISD denied despite operating a virtual school program capable of supporting such accommodation. HISD's denial, coupled with its forced placement of Plaintiff into an ADA designation that reduced his wages and professional standing, constitutes unlawful discrimination and retaliation in violation of Title VII.

Further, under 42 U.S.C. § 2000e-3(a), it is unlawful for an employer to retaliate against an employee who opposes practices made unlawful under Title VII. Plaintiff's wage reduction and diminished status as a result of HISD's actions constitute retaliation for his protected request for accommodation.

HISD has failed to demonstrate that accommodating Plaintiff's request would cause undue hardship. Summary judgment in Plaintiff's favor is warranted.

### C. Supporting Case Law

1. **Lisa Domski v. Blue Cross Blue Shield of Michigan, 2024**
   Lisa Domski, a devout Catholic, was awarded nearly **$13 million** after being terminated for refusing the COVID-19 vaccine based on religious beliefs. Despite applying for a religious exemption, her request was denied, leading to her termination. The jury underscored the importance of respecting religious beliefs in workplace health policies and held the employer liable for failure to accommodate.

2. **Mission Hospital, Inc. EEOC Charge, 2016**
   Mission Hospital in Asheville, North Carolina, was sued by the EEOC for firing employees who declined flu vaccinations based on religious beliefs. The hospital's refusal to accommodate led to findings of unlawful discrimination for failure to provide reasonable accommodation.

3. **Wellpath, LLC EEOC Settlement, 2022**
   Wellpath, a Texas healthcare provider, settled a lawsuit after denying a nurse's request to wear a religiously mandated scrub skirt instead of pants. The employer rescinded the job offer, violating Title VII for failure to accommodate religious dress requirements.

4. **Groff v. DeJoy, 599 U.S. 447 (2023)**
   The Supreme Court clarified that under Title VII, employers denying religious accommodations must demonstrate that the accommodation would cause

substantial increased costs or undue hardship on the conduct of business, setting a high bar for employers to justify refusal.

These cases affirm the legal obligation of employers to provide reasonable accommodations and prohibit retaliation for employees exercising such rights.

### D. No Genuine Issue of Material Fact Exists

The undisputed facts demonstrate HISD's discriminatory conduct and pretext. Defendant has failed to produce evidence creating a genuine dispute. Summary judgment is proper.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court grant his Motion for Summary Judgment, enter judgment in his favor, and award the following relief:

- Declaratory judgment that HISD violated Plaintiff's civil and constitutional rights;
- Injunctive relief prohibiting HISD from engaging in discriminatory practices;
- Compensatory and punitive damages;
- Costs and attorney's fees as permitted by law; and
- Such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/ Nkozi Kuuriraya
Nkozi Kuuriraya, Plaintiff, Pro Se
General Delivery
Shreveport, LA 71102
Phone: 832-893-9413
Email: Nkuuriraya1@gmail.com

*Nkozi Kuuriraya*



**Exhibit A**, HISD virtual teaching-Proof HISD has the ability to accommodate working from home.



**Exhibit B**- Claire Partain Houston Independent School District reporter for the Houston Chronicle. Wrote the article on HISD virtual teaching

**AFFIDAVIT OF TRUTH**

I, _Nkozi Kuuriraya_, hereby declare, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements contained in this Affidavit are true, correct, and complete to the best of my knowledge, information, and belief.

Executed this **24th day of September, 2025.**

_____
Affiant's Signature

Printed Name: _Nkozi Kuuriraya_

_____

**JURAT**

State of _Louisiana_ )
County of _Caddo_ )

Subscribed and sworn to (or affirmed) before me on this **24th day of September, 2025**, by _Nkozi Kuuriraya_, who is personally known to me or who has produced _US Passport_ as identification.

_____
Notary Public Signature

Printed Name: _William Lance Fouts_

Notary Public, State of _Louisiana_

My Commission Expires: _Life_

(Seal)



WILLIAM LANCE FOUTS
Notary Public
Notary ID No. 138509
Caddo Parish, Louisiana
My Commission is for life.