United States District Court
Southern District of Texas

**ENTERED**
April 24, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NKOZI KUURIRAYA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-3283 |
| | § | |
| HOUSTON INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant Houston Independent School District's ("HISD") Motion to Dismiss (ECF No. 30).  Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** HISD's motion (*id.*) be **GRANTED** and Plaintiff's Second Amended Complaint (ECF No. 27) be **DISMISSED**.  Further, the Court **RECOMMENDS** *pro se* Plaintiff Nkozi Kuuriraya's ("Plaintiff") Motions for Summary Judgment (ECF Nos. 9–10) be **DENIED AS MOOT**.

### I.    Background

Plaintiff filed this case against his employer, HISD, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the American with

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72.  (ECF No. 15).

Disabilities Act ("ADA"), the Health Insurance Portability and Accountability Act ("HIPPA"), the Texas Deceptive Trade Practices Act ("DTPA"), 18 U.S.C. § 1346, and 18 U.S.C. § 1001.  (ECF No. 1 at 2).  In Plaintiff's Amended Complaint, he also mentions "interference with federal proceedings" and "corporate fraud, obstruction, and retaliation" as additional "claims for relief." (ECF No. 27 at 7).

On February 27, 2026, HISD moved to dismiss Plaintiff's Amended Complaint.  (ECF No. 30).

## II.   Legal Standard

### a.  Rule 12(b)(1)

A motion to dismiss made pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) allows a party to challenge the exercise of the Court's subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception."  *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019).  The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The Court generally will accept all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to Plaintiff.  *See Kumar v. Frisco Indep. Sch. Dist.*, 443 F. Supp. 3d 771, 777–78 (E.D. Tex. 2020).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161.

   b.  Rule 12(b)(6)

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must

plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Firefighters' Ret. Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678). "The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency. *Id.*; *Atwater Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011). "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024). "A

document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *see also* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").

### III.  Discussion

Defendant moves to dismiss each of Plaintiff's claims. (*See* ECF No. 30). Plaintiff filed a response to the motion, but his response mostly argues that Defendant failed to properly serve the motion to dismiss on Plaintiff. (*See* ECF No. 32).  The Court will first address Plaintiff's arguments before turning to Defendant's motion.

a.  <u>Service of the Motion</u>

Plaintiff states he did not receive the motion by mail and that the "only communications Plaintiff received were automated notices generated by the Courthouse system." (*Id.* at 1–2).  Plaintiff's response is signed subject to penalty of perjury. (*Id.* at 5).

In contrast, Defendant certified that the motion was mailed via first class mail to Plaintiff. (ECF No. 30 at 6).  The Court notes that Plaintiff has updated his address multiple times (*see* ECF Nos. 7, 13, 20, 35) and has previously had issues receiving filings via mail in this case (*see* ECF Nos. 17–

18).  Per Southern District of Texas Local Rule 83.4, "[a] . . . pro se litigant is responsible for keeping the clerk advised in writing of the current address." Plaintiff's current address on CM/ECF is listed as "General Delivery," which is "a mail service for those without a permanent address, often used as a temporary mailing address."   USPS, https://faq.usps.com/s/article/What-is-General-Delivery (last visited Apr. 20, 2026).

Importantly, Plaintiff acknowledges that he had notice of the filing via an email Plaintiff received from CM/ECF.  (ECF No. 32 at 5).  In fact, Plaintiff's response is evidence that Plaintiff had notice of the motion.  Plaintiff does not state, however, that he contacted the Courthouse or Defendant to request a copy of the motion after receiving notice that a motion was filed.  Further, Plaintiff has not requested additional time to respond to the motion.  Plaintiff is clearly aware of Defendant's motion and has had nearly two months to attempt to obtain a copy.  The Court also notes Defendant mailed the motion to the address provided by Plaintiff at the time of filing (*see* ECF No. 20).  (ECF No. 30 at 6).  The Court declines to recommend Defendant's motion be denied on the grounds that Plaintiff allegedly did not receive the motion via mail.  *See Butler v. Miller*, No. 24-cv-410, 2025 WL 105324, at *2 (E.D. La. Jan. 15, 2025) (granting a motion to dismiss where a defendant confirmed it was sent via mail despite the *pro se* plaintiff stating he never received a copy of a motion,

6

requesting additional time to respond due to problems with his mail, and failing to ultimately file a response to the motion); *Thompson v. Stief*, No. 4:22-cv-742, 2024 WL 5278863, at \*2 (E.D. Tex. Aug. 28, 2024), *report and recommendation adopted*, No. 4:22-cv-742, 2025 WL 28239 (E.D. Tex. Jan. 3, 2025) ("It is well-settled that a Plaintiff has an ongoing obligation and responsibility to inform the Court [of] his whereabouts through a current mailing address." (internal quotations omitted)).

### b. Title VII and ADA

Turning to Defendant's argument, Defendant first argues that Plaintiff's Title VII claim and ADA claim should be dismissed because Plaintiff did not exhaust his administrative remedies prior to filing suit.  (ECF No. 30 at 3–4).

Title VII of the Civil Rights Act provides for private causes of action arising out of employment discrimination and gives federal courts subject matter jurisdiction to resolve such disputes.  *See* 42 U.S.C. § 2000e-5(f). However, before a plaintiff can file a suit in federal court alleging employment discrimination under Title VII, he must exhaust his administrative remedies. *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018), *aff'd sub nom. Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541 (2019).  A plaintiff exhausts those remedies by filing "a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful

7

employment practice." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (citing 42 U.S.C. § 2000e-5(e)(1)).  "Exhaustion occurs when [a] plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). The filing of an EEOC charge "is a precondition to filing suit in district court." *Id.* at 379 (internal quotations omitted).  Upon receiving a statutory notice of right to sue, a plaintiff has ninety days to file a civil action pursuant to his Title VII claims.  42 U.S.C. § 2000e-5(f)(1).  The ninety-day limitations period is strictly construed against all litigants, and *pro se* litigants are not excused from abiding by the limitations period.  *See Taylor*, 296 F.3d at 379.

Similarly, the ADA prohibits employers from discriminating against a "qualified individual on the basis of disability."  42 U.S.C. § 12112(a).  "The procedural requirements for filing an ADA claim incorporate Title VII's administrative procedures and, therefore, an ADA claimant must also exhaust his or her administrative remedies before filing a claim in federal court." *Lawson v. Jason Pharms., Inc.*, No. 3:17-cv-2648, 2019 WL 2448849, at *3 (N.D. Tex. June 12, 2019) (citing *Patton v. Jacobs Eng'g Group, Inc.*, 874 F.3d 437, 443 (5th Cir. 2017)).

Here, because Plaintiff has failed to allege that he has met the precondition for filing suit by exhausting his administrative remedies, his Title

VII and ADA claims should be dismissed without prejudice. *See Cobb v. Kendall*, No. 3:22-cv-1867, 2023 WL 4534955, at *9 (N.D. Tex. June 28, 2023), *report and recommendation adopted*, No. 3:22-cv-1867, 2023 WL 4533676 (N.D. Tex. July 13, 2023).

  c. <u>HIPAA</u>

Defendant also argues Plaintiff's HIPAA claim should be dismissed because HIPAA does not provide a private right of action. (ECF No. 30 at 4). The Court agrees with Defendant. The Fifth Circuit has explained that HIPAA "has no express provision creating a private cause of action" and that enforcement of the act is "limited to the Secretary of Health and Human Services." *Quintana v. Lightner*, 818 F. Supp. 2d 964, 972–73 (N.D. Tex. 2011) (citing *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006)). Accordingly, Plaintiff does not have standing to bring a generalized HIPAA claim. *See Flanagan v. Walmart Corp.*, No. 9:24-cv-75, 2024 WL 3297504, at *3 (E.D. Tex. June 3, 2024), *report and recommendation adopted*, No. 9:24-cv-75, 2024 WL 3297348 (E.D. Tex. July 3, 2024) (collecting cases). Because Plaintiff lacks standing to bring a claim under HIPAA, any HIPAA claim should be dismissed without prejudice for lack of subject matter jurisdiction. *See id.*

9

d. <u>18 U.S.C. §§ 1001 and 1346</u>

Defendant also argues Plaintiff's claims under 18 U.S.C. §§ 1001 and 1346 fail because violations of criminal statutes do not give rise to a private right of action. (ECF No. 30 at 4–5). Defendant is correct. *See Green v. Stubbs*, No. 1:22-cv-5270, 2023 WL 3516210, at *2 (W.D. La. May 3, 2023), *report and recommendation adopted*, No. 1:22-cv-5270, 2023 WL 3510881 (W.D. La. May 17, 2023) ("18 U.S.C. § 1001 is a federal criminal statute that does not give rise to a private right of action and subject matter jurisdiction." (citing *Thomas v. Abebe*, 833 F. App'x 551, 555 (5th Cir. 2020)); *Gilchrease v. D.R. Horton, Inc. - Gulf Coast*, No. 24-cv-358, 2024 WL 3221409, at *2 (E.D. La. Apr. 29, 2024), *report and recommendation adopted*, No. 24-cv-358, 2024 WL 3223918 (E.D. La. May 16, 2024) (reiterating that criminal statutes do not create private causes of action that would establish federal question jurisdiction). As such, the Court recommends Plaintiff's claims under criminal statutes should be dismissed with prejudice for failure to state a claim upon which relief can be granted. *See Armbrister v. McFarland*, No. 3:18-cv-1211, 2018 WL 6004310, at *6 (N.D. Tex. Oct. 30, 2018), *report and recommendation adopted*, No. 3:18-cv-1211, 2018 WL 5994992 (N.D. Tex. Nov. 15, 2018) (dismissing claims brought under federal criminal statutes with prejudice for failure to state a claim).

e. <u>DTPA</u>

Finally, Defendant argues Plaintiff's DTPA claim should be dismissed because HISD is entitled to governmental immunity.  (ECF No. 30 at 5).

Governmental immunity protects "political subdivisions of the State, including counties, cities, and school districts" from state law claims unless such immunity is expressly waived by the legislature.  *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).   "Absent legislative consent, the trial court lacks the subject matter jurisdiction necessary to hear the suit."   *Belmonte v. City of Dallas, Texas*, No. 3:19-cv-2656, 2021 WL 1903707, at *4 (N.D. Tex. Feb. 9, 2021), *report and recommendation adopted*, No. 3:19-cv-2656, 2021 WL 1895244 (N.D. Tex. May 10, 2021).   Importantly here, "[t]he DTPA does not contain the clear and unambiguous language necessary to waive governmental immunity; the Texas Legislature has not consented to suit under the act."  *Id.* (citing *Dallas Cnty. v. Rischon Dev. Corp.*, 242 S.W.3d 90, 95 (Tex. App.—Dallas 2007, pet. denied)).

HISD, a school district, is considered a "political subdivision" of the State and thus entitled to governmental immunity.  *See King v. Lubbock ISD*, No. 5:24-cv-058, 2024 WL 3527965, at *5 (N.D. Tex. July 8, 2024), *report and recommendation adopted*, No. 5:24-cv-058, 2024 WL 3528651 (N.D. Tex. July 24, 2024).  Because the Texas Legislature has not consented to suits against a

11

government entity under the DTPA, the Court does not have the necessary subject matter jurisdiction to hear the claim.  As such, Plaintiff's DTPA claim should be dismissed without prejudice.  *See id.* at *6 (collecting cases).

      f.  Remaining Claims for Relief

Plaintiff's Amended Complaint also mentions "interference with federal proceedings" and "corporate fraud, obstruction, and retaliation" as additional "claims for relief." (ECF No. 27 at 7).  While *pro se* pleadings are held to a more lenient standard, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist.  *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).  Through the Court's reading of Plaintiff's Amended Complaint, it appears that these additional "claims for relief" overlap with Plaintiff's other claims, which fail for the reasons discussed above.  As such, the Court finds that these additional "claims for relief" should also be dismissed.

## IV.  Leave to Amend

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

12

However, Plaintiff has already amended his complaint on one occasion. (ECF No. 27). Further, Plaintiff has "not state[d] what facts they would provide to address the deficiencies in their . . . Amended Complaint." *Garcia v. Harris Cnty.*, No. 22-cv-198, 2022 WL 2230469, at *4 (S.D. Tex. June 2, 2022), *report and recommendation adopted*, No. 22-cv-198, 2022 WL 2222972 (S.D. Tex. June 21, 2022). Thus, Plaintiff appears "unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co.*, 313 F.3d at 329.

Further, as discussed above, "any additional opportunity [to amend] would be futile given the Court's lack of subject matter jurisdiction. *See Griffin v. Furlow*, No. 5:23-cv-016, 2023 WL 3604735, at *4 (N.D. Tex. Apr. 26, 2023), *report and recommendation adopted*, No. 5:23-cv-016, 2023 WL 3611448 (N.D. Tex. May 23, 2023) (collecting cases). As such, the Court recommends Plaintiff not be given leave to amend.

## V.   Conclusion

Based on the foregoing, the Court **RECOMMENDS** HISD's motion (ECF No. 30) be **GRANTED** and Plaintiff's Second Amended Complaint (ECF No. 27) be **DISMISSED**. Specifically, the Court **RECOMMENDS** Plaintiff's claims under 18 U.S.C. §§ 1001 and 1346 be **DISMISSED WITH PREJUICE** and Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE**.

Further, the Court **RECOMMENDS** Plaintiff's Motions for Summary Judgment (ECF Nos. 9–10) be **DENIED AS MOOT**.[2]

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on April 24, 2026.

_____
Richard W. Bennett
United States Magistrate Judge

---

[2] After filing two motions for summary judgment (ECF Nos. 9–10), Plaintiff filed an amended complaint (ECF No. 27) that rendered his previous filings as moot.  *See Plants Wholesale, LLC v. Massachusetts Bay Ins. Co.*, No. 3:25-cv-565, 2026 WL 769892, at *1 (N.D. Tex. Mar. 18, 2026) ("Courts have recognized that the filing of an amended complaint can render moot a motion for summary judgment addressed to the original complaint.").