United States District Court
Southern District of Texas
**ENTERED**
July 16, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NKOZI KUURIRAYA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-3283** |
| | § | |
| **HOUSTON INDEPENDENT SCHOOL DISTRICT,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff Nkozi Kuuriraya's ("Plaintiff") Motion for Leave to Appeal In Forma Pauperis ("IFP") (ECF No. 56). For the reasons below, the Court **RECOMMENDS** Plaintiff's motion (*id.*) be **DENIED**.

## I. Background

Plaintiff filed this case against his employer, Defendant Houston Independent School District's ("HISD"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the American with Disabilities Act ("ADA"), the Health Insurance Portability and Accountability Act ("HIPPA"), the Texas Deceptive Trade Practices Act ("DTPA"), 18 U.S.C. § 1346, and 18

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 15).

U.S.C. § 1001. (ECF No. 1 at 2). In Plaintiff's Amended Complaint, he also mentions "interference with federal proceedings" and "corporate fraud, obstruction, and retaliation" as additional "claims for relief." (ECF No. 27 at 7).

On February 27, 2026, HISD moved to dismiss Plaintiff's Amended Complaint. (ECF No. 30). On April 24, 2026, the Undersigned recommended Defendant's Motion to Dismiss (*id.*) be granted. (ECF No. 36). On June 1, 2026, the District Judge adopted the Undersigned's Memorandum and Recommendation. (ECF No. 47). A Final Judgment was entered the same day, dismissing with prejudice Plaintiff's claims arising under 18 U.S.C. §§ 1001 and 1346 and dismissing without prejudice Plaintiff's remaining claims. (ECF No. 48).

On June 29, 2026, Plaintiff filed a Notice of Appeal. (ECF No. 49). Plaintiff has now filed the instant motion to proceed IFP on appeal. (ECF No. 56).

## II. Legal Standard

The process of seeking leave to proceed IFP on appeal is governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3). According to Rule 24, a party to a district court action who desires to proceed

IFP on appeal must file a motion in the district court.[2] FED. R. APP. P. 24(a). The movant is required to attach an affidavit to the motion that shows in detail the movant's inability to pay the appeal costs and fees; claims an entitlement to redress; and states the issues the movant intends to present on appeal. *Id.* at 24(a)(1).

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). "Accordingly, in addition to demonstrating that his financial condition qualifies him to proceed under the IFP statue, a movant must also demonstrate that his appeal involves nonfrivolous issues." *Marsh v. U.S. Bank, N.A. as Tr. to LaSalle Bank Nat'l Ass'n*, No. 17-cv-00847, 2018 WL 5733193, at *1 (W.D. Tex. Sep. 24, 2018), *report and recommendation adopted*, No. 17-cv-847, 2018 WL 7283277 (W.D. Tex. Nov. 6, 2018) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)).

[2] The Undersigned notes that Plaintiff did not proceed IFP in the underlying district court action. (ECF Nos. 16, 24). Therefore, the provisions of Rule 24(a)(3), which permits a party already obtaining IFP status to proceed on appeal "without further authorization," do not apply.

## III. Discussion

Plaintiff's application to proceed IFP on appeal demonstrates that he likely lacks the financial resources to prepay the costs of appeal. (ECF No. 56). Plaintiff states that he has no source of income, and that he has approximately $25.90 in cash or savings. (*Id.* at 1–2). The Court finds these representations are sufficient to suggest financial eligibility for IFP status.

However, financial eligibility alone is insufficient. As discussed above, Plaintiff must also demonstrate that his appeal is taken in good faith—that is, it at least raises one non-frivolous issue. 28 U.S.C. § 1915(a)(3); *Howard*, 707 F.2d at 220 ("'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'").

Here, Plaintiff has failed to comply with Federal Rule of Appellate Procedure 24(a)(1), which requires Plaintiff to attach an affidavit to his motion that "claims an entitlement to redress" and "states the issues that the party intends to present on appeal." While Plaintiff has not identified his issues for appeal, the Court notes that three of Plaintiff's claims did not give rise to a private cause of action (*see* ECF No. 36 at 9–10), HISD was entitled to governmental immunity as to Plaintiff's DTPA claim (*id.* at 11–12), and Plaintiff did not exhaust his administrative remedies as to his Title VII and ADA claims (*Id.* at 8–9). Plaintiff filed objections to the Court's Memorandum

and Recommendation (ECF Nos. 37, 39), which were reviewed and overruled by the District Judge (ECF No. 47).

In light of this record, the Court does not foresee how Plaintiff's arguments would have merit or impact the outcome of this case. *See Badaiki v. Cameron Int'l Corp.*, No. 4:19-cv-371, 2021 WL 12301122, at *2 (S.D. Tex. Dec. 20, 2021) (finding an appeal of issues that the Court has no reason to believe have merit or would impact the outcome of the case are frivolous). As such, Plaintiff has not identified, and the Court cannot discern, any non-frivolous basis to challenge the dismissal. *See Braud v. Cain*, 354 F. App'x 72, 73 (5th Cir. 2009) (dismissing an appeal as frivolous where plaintiff repeats claims that formed the basis of his complaint without identifying a new basis or argument for defendant's liability); *see also Garcia v. Filley*, No. 21-10614, 2022 WL 622332, at *1 (5th Cir. Mar. 3, 2022) ("In his IFP pleadings, Garcia merely repeats his claims that the defendant-judge is corrupt and biased; he does not meaningfully challenge the district court's reasons for the dismissal of his complaint or its certification that his appeal would not be in good faith.").

Accordingly, the Court concludes that Plaintiff's appeal is not taken in good faith under § 1915(a)(3).

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** that the District Court certify that Plaintiff's appeal is not taken in good faith and **DENY** Plaintiff's motion to proceed IFP on appeal (ECF No. 56). If Plaintiff wishes to proceed with his appeal, Plaintiff may either pay the filing fee or submit a motion in the court of appeals pursuant to FED. R. APP. P. 24(a)(5).[3]

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on July 15, 2026.

Richard W. Bennett
United States Magistrate Judge

[3] The Federal Rules of Appellate Procedure and the Fifth Circuit Rules are available on the Fifth Circuit website under the "Rules & Procedures" tab, at https://www.ca5.uscourts.gov/. Plaintiff is encouraged to consult the Rules in advance of future filings.